UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUDY FRANCIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4972** |
| **TERREBONNE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.  Factual Summary

The Plaintiff, Rudy Francis ("Francis"), a state prisoner, filed this *pro se* and *in forma pauperis* federal civil rights complaint against the Terrebonne Parish Sheriff's Office, the Louisiana State Police, and two unidentified parties. In this lawsuit, Francis alleges that he suffered "a mental breakdown" on or about January 14, 2008, which resulted in the Terrebonne Parish Sheriff's Office and the Louisiana State Police being called to the scene. It is alleged that his father told the officers that Francis needed to be taken to a hospital, and Francis asked his father to call for an ambulance.

At that point, the officers wrestled Francis to the ground, handcuffed and shackled him, and shot him with a Taser. Francis alleges that the officers continued to shoot him with the Taser while he was on the ground and after he was subsequently restrained inside a police car. During the incident, he allegedly was hit with the Taser twice in the kidneys, rendering him unconscious and causing his body to become swollen from fluid. Thereafter, Francis was taken to the Chabert Medical Center in Houma and placed in the intensive care unit, where he remained unconscious for most of the following six days. Francis alleges that he had to undergo kidney dialysis as a part of his treatment and that he nearly died as a result of being shot with the Taser. He complains of continued pain in his kidneys. As relief, he seeks $500,000.00 in damages.

## II. Standard of Review

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III. Analysis

#### A. Improper Defendants

##### 1. The Terrebonne Parish Sheriff's Office

Francis named the Terrebonne Parish Sheriff's Office as a defendant. However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action. *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *see also Williamson v. Louisiana,* Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sheriff Dep't,* Civ. Action No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter,* Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the claim against the Terrebonne Parish Sheriff's Office must be dismissed.

##### 2. The Louisiana State Police

Francis also named the Louisiana State Police as a defendant. The State Police exists as an agency of the State of Louisiana. La.Rev.Stat.Ann. § 40:1301; *Michalik v. Hermann*, Civ. Action No. 99-3496, 2000 WL 1593440, at *1 (E.D. La. Oct. 24, 2000); *Jenkins v. Lee*, Civ. Action No. 98-

2367, 1999 WL 97931, at *2 (E.D. La. Feb. 17, 1999). Accordingly, the Louisiana State Police is likewise an improper defendant and must be dismissed for the following reasons.

First, state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006); *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Levy v. Office of Legislative Auditor*, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); *Goins v. State of Louisiana*, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); *Greer v. Tran*, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, in any event, Francis' claim against the Louisiana State Police is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted).

### 3. *Unidentified Parties*

Lastly, Francis also named an unidentified deputy sheriff and an unidentified state police officer as defendants in this proceedings. However, a §1983 action must be filed against an actual identified person. Because Francis cannot pursue a lawsuit against unidentified individuals, the

claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081,1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).

## IV.    Recommendation

It is therefore **RECOMMENDED** that the claims of Rudy Francis brought pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Office, the Louisiana State Police, and the unidentified parties be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of December, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**